UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH J. JULIANO, JR.,

                              Plaintiff,

                                                       <u>DECISION AND ORDER</u>

                                                       10-CV-6682L

                              v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.
_____

       Plaintiff appeals from a denial of disability insurance benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

       On May 3, 2007, plaintiff, then forty-six years old, filed an application for disability insurance benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work since August 14, 2006, due to diabetes mellitus, high blood pressure, a tumor in his knee, and numbness in his left arm. (T. 108-111, 126). His application was initially denied. Plaintiff requested a hearing, which was held on October 26, 2009 before Administrative Law Judge ("ALJ") John P. Costello. (T. 24-31). The ALJ issued a decision on November 20, 2009, concluding that plaintiff was not disabled under the Social Security Act. (T. 6-18). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 7, 2010 (T. 1-3). Plaintiff now appeals.

       The Commissioner has moved (Dkt. #6), and plaintiff has cross moved (Dkt. #7) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the following reasons, the Commissioner's motion is granted, plaintiff's motion is denied, and the complaint is dismissed.

## DISCUSSION

The determination of whether a claimant is disabled within the meaning of the Social Security Act requires an ALJ to follow a now-familiar five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 CFR §404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities. 20 CFR §404.1520(c). If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled. If not, analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f). Then, the ALJ determines whether the claimant's RFC permits her to perform the requirements of her past relevant work. If so, the claimant is not disabled. If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)). *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42

U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).  Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770,  774 (2d Cir. 1998) *quoting  Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997).  Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999).  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

ALJ Costello issued a detailed decision analyzing plaintiff's disability claim, and made relevant findings of fact with specific citations to supporting evidence of record.  Upon a thorough review, I believe that the ALJ applied the correct legal standards, and that his finding that plaintiff is not totally disabled is supported by substantial evidence.

The ALJ described the pertinent medical evidence relative to plaintiff's "Type II" diabetes, breathing problems, and pain in his left arm, right knee, and back, which he determined constituted a severe impairment not meeting or equaling a listed impairment.  I believe the evidence supports the ALJ's conclusion that plaintiff, then a 48 year-old man with a high school education and past employment as a driver, deliverer and industrial spray painter, was not totally disabled, due to the ALJ's finding at step five that several positions existed in the economy that plaintiff could perform, including cashier II and collate operator.

In determining plaintiff's RFC, the ALJ considered, inter alia, plaintiff's treatment notes for diabetes, which reflected fairly consistent blood sugar control, except for instances where the plaintiff had been noncompliant with dietary restrictions and medication, and some evidence of

diabetic neuropathy. Plaintiff's medical records also included the administration of medications and cortisone injections for right knee pain (T. 206), left carpal tunnel surgery (T. 268-279), and asthma, which improved after plaintiff stopped smoking in late 2008 (T. 395).

Based on this evidence, the ALJ determined that plaintiff retained the residual functional capacity to perform a full range of light work, with the following limitations: less than constant handling and fingering, walking no more than 15 minutes at a time, avoidance of heavy machinery, and avoidance of excessive exposure to respiratory irritants such as dust, odor, and fumes, and temperature and humidity extremes. (T. 12). I find that this determination is supported by the substantial evidence cited by the ALJ.

Initially, plaintiff argues that his January 30, 2008 pulmonary function testing results, as mentioned by the ALJ – with a forced expiratory volume ("FEV1") of 1.52 liters – should have resulted in an automatic finding of disability pursuant to Listing 3.02(A) of 20 C.F.R. Part 404, Subpart P, Appendix 1. Listing 3.02(A) provides that a finding of disability may be directed for persons of plaintiff's height with a FEV1 of less than 1.55 liters. However, as the introductory notes to the listing warn, pulmonary function test results are to be considered along with other medical evidence of record, and reports of those values should include a report of the subject's "ability to understand directions as well as his or her effort and cooperation in performing the pulmonary function test." *See* 20 C.F.R. Part 404, Subpart P, Appendix 1 at 3.00(A), (E). In determining the extent of plaintiff's breathing difficulties, the ALJ took specific note of the examiner's observation that the plaintiff "could have provided better effort." (T. 352). Furthermore, the record contains ample contradictory evidence, including plaintiff's consistent denial of breathing difficulties to his treating physician, Dr. Maureen Perry, during the same period and continuing through December 2008, as well as contemporaneous clinical findings that his lungs were clear, with "excellent" air entry. (T. 391, 393, 395, 401). As such, the ALJ's implicit finding that plaintiff's FEV1 results were unreliable, and did not require an automatic finding of disability, was supported by substantial evidence of record. *See Jones v. Barnhart*,

364 F.3d 501, 504 (3d Cir. 2004) (finding that FEV test results alone are insufficient to support a claim of disability, and affirming ALJ's determination that plaintiff was not disabled by pulmonary impairment, despite having below-minimum FEV test results, where plaintiff's treatment notes showed a lack of pulmonary complications, no history of hospitalization or treatment for breathing difficulties, and physicians' notes that plaintiff's lungs were clear).

   Plaintiff also claims that ALJ Costello improperly declined to give controlling weight to the opinions of his primary care physician, Dr. Perry (T. 293, 297, 301), as well as orthopaedist Dr. Michael Colucci (T. 206) and osteopathologist Dr. Renee Wheeler (T. 236). However, as the ALJ noted in explaining his reasons for declining to give controlling weight to Dr. Perry, her opinion that plaintiff was totally and permanently disabled is conclusory at best, and is inconsistent with the medical evidence of record. Moreover, to the extent that plaintiff's other treating physicians, Dr. Colucci and Dr. Wheeler, opined at various times that he was temporarily disabled from his prior work, none suggest or describe a permanent disability, or identify any particular diminution in plaintiff's ability to perform the activities associated with light work not already accounted-for in the ALJ's RFC determination.

   Dr. Colucci noted only that plaintiff was "temporarily totally disabled" from his former job for a period from September 2006 to October 2006 to due to right knee pain which required further treatment (T. 206, 208). Dr. Wheeler stated in March 2007, without elaboration, that plaintiff was "temporarily disabled" due to right knee pain (T. 236). Dr. Perry's reports from late 2007 and 2008, upon which plaintiff places primary reliance, describe plaintiff's health as generally good, with no complaints or problems except for knee pain, which appears to have been the sole basis upon which Dr. Perry concluded that "I do believe the patient is currently disabled with regards to his right knee . . . the patient is 100% permanently totally disabled and is unable to work. . ." (T. 293, 297, 301). None of plaintiff's treating physicians appears to have completed an RFC report, their records do not describe plaintiff's functional limitations, if any, and Dr. Perry's ultimate conclusion of total and permanent disability is simply not supported by

any objective medical testing of plaintiff's knee function, or other medical records. *See Snell v. Apfel*, 177 F.3d 128, 133 (2d. Cir. 1999) ("[a] treating physician's statement that the claimant is disabled cannot itself be determinative").

In their totality, the plaintiff's medical records and treating and examining physician reports do not support his claim of total disability. As such, I concur with the ALJ and conclude that there is substantial evidence to support his determination that plaintiff retained the residual functional capacity to perform the full range of light work, with limitations to less than constant handling and fingering, walking for no more than 15 minutes at a time, and avoidance of heavy machinery and respiratory irritants. (T. 12). There is no dispute that the positions identified by vocational expert Dr. Peter Manzi at the plaintiff's hearing – cashier II and collate operator, are consistent with this RFC, as well as with plaintiff's age, educational background and past work experience. I have considered the remainder of plaintiffs' arguments, and find them to be without merit. As such, I see no basis to modify the ALJ's decision.

## CONCLUSION

The Commissioner's motion for judgment on the pleadings (Dkt. #6) is granted, and the plaintiff's motion (Dkt. #7) is denied. The Commissioner's decision that plaintiff, Joseph Juliano, Jr., was not disabled, is in all respects affirmed, and the complaint is dismissed.
IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        May 22, 2012.